IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>EARL EDWARD BIGGS JR.,<br><br>    Defendant. | 8:22CV110<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

  The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

  "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff's Complaint, which was filed on March 28, 2022, is in all material respects identical to a complaint she filed in Case No. 8:21CV379, which the court dismissed without prejudice and without leave to amend on March 10, 2022.[1] Plaintiff has also filed numerous other non-meritorious cases regarding her eviction from an Omaha residence. *See Knight-Bey et al v. Chatelain et al.*, No. 8:19CV206; *Knight v. Phillips et al.*, No. 8:21CV326; *Knight v City of Omaha*, No. 8:21CV339; *Knight v. Chatelain*, No. 8:21CV378; and *Knight v. City of Omaha et al.*, No. 8:22CV111. Another case, *Knight v. Philips, et al.,* No. 8:21CV408, was allowed to proceed to service of process against the property owners on claims for breach of contract and conversion of personal property.[2]

## III. DISCUSSION

Given the previous dismissal in Case No. 8:21CV379, the court will not repeat its discussion of the various reasons why Plaintiff's Complaint fails to state a claim upon which relief may be granted, or why amendment would be futile. Plaintiff is cautioned, however, that while she has a right to access the courts, this right of access cannot be unlimited in the face of abuse. As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it.... The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of

---

[1] The court's mailing of the Judgment and accompanying Memorandum and Order in Case No. 8:21CV379 was returned as undeliverable on March 16, 2022, and was not resent for lack of a forwarding address.

[2] The court can sua sponte take judicial notice of its own records and files and of facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice.... Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988); *see also Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.").

The court warns Plaintiff that if she files additional lawsuits regarding this same subject matter, the court may consider imposing measures limiting the frequency in which Plaintiff may file lawsuits in this court.

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice. Judgment shall be entered by separate document.

3

2. The Clerk of the Court is directed to send Plaintiff copies of the court's Memorandum and Order and Judgment in Case No. 8:21CV379 at the address provided in the Complaint filed herein.

Dated this 5th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4